# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. HARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV127 SNLJ |
| | ) | |
| AUSTIN REED, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM AND ORDER**

Jeffrey Harker, a detainee at the Cape Girardeau County Jail, seeks leave to bring this civil rights action in forma pauperis. The Court grants him leave to proceed in forma pauperis, and, because he is a pretrial detainee, plaintiff must pay an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, the Court will stay this action.

Plaintiff alleges that defendants, who are police officers, falsely arrested him on August 12, 2014. He says defendants entered his house without a warrant or probable cause. And he says that defendants used a Taser on him while he was cooperating with their orders.

On September 11, 2014, the State of Missouri filed an information charging plaintiff with two counts of assault of a law enforcement officer, one count of tampering with an automobile, and one count of resisting arrest. *Missouri v. Harker*, No. 14CG-CR01466-01 (Cape Girardeau), accessed on Case.net. Upon arraignment, plaintiff pled not guilty. *Id.* The case is currently pending before the court.

Because plaintiff's criminal case is pending, the Court must stay this action. In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest

is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff must inform the Court when his criminal judgment is final. At that time, the Court will re-open this case and determine whether defendants should be served with process.

Finally, plaintiff has moved for appointment of counsel. Because the case will be stayed, appointment of counsel is not appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely pay the initial filing fee, the Court may dismiss this action for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk is directed to administratively stay this action.

**IT IS FURTHER ORDERED** that plaintiff must notify the Court when his criminal judgment is final.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

Dated this 16th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE